# United States District Court

## DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

EARL N. WALLACE

**REDACTED**

Criminal Complaint

CASE NUMBER: 07- 30M

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __February 12, 2007__ in __New Castle__ County, in the District of Delaware, defendant did knowingly possess a firearm, that is, a silencer, which was not identified by a serial number

in violation of Title ____26____ United States Code, Section(s) __5861(i)__.

I further state that I am a(n) __Special Agent, Eric Frye, ATF__ and that this complaint is based
                              Official Title

on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:  Yes

_____
Signature of Complainant
Eric Frye
Special Agent, ATF

Sworn to before me and subscribed in my presence,

__February 13, 2007__      at      __Wilmington, DE__
Date                                                    City and State

Honorable Mary Pat Thynge
United States Magistrate Judge            _____
Name & Title of Judicial Officer            Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT FOR EARL N. WALLACE

1. I, Eric R. Frye, am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since July 2001. I am currently assigned to the Firearms Trafficking Unit in Philadelphia, Pennsylvania whose primary responsibilities include investigating individuals or groups who have committed violations of federal firearms laws. During my tenure as an ATF agent, I have conducted numerous investigations that have resulted in the arrests of individuals who have committed these violations of federal law. The information set forth below is either known to me personally or was related to me by other law enforcement personnel and does not constitute all the information of which I am aware regarding EARL N. WALLACE.

2. On December 20, 2006, Philadelphia Police Department (PPD) Detective James Kopaczewski and I interviewed an individual cooperating source, herein referred to as CS-1. The CS-1 related to your affiant that on December 18, 2006, he/she was contacted by an unknown male via telephone          asking if he/she could manufacture a silencer for him. CS-1 told the unknown male (hereinafter DOE) that he/she could not. CS-1 stated that on December 20, 2006, he/she contacted Pennsylvania State Police (PSP) Trooper Mark Perloff about the incident in question. Trooper Perloff then contacted your affiant regarding this incident and, on the same day, CS-1 placed a monitored telephone call to           in the presence of PSP Trooper Perloff, PPD Detective Kopaczewski, and your affiant, but only reached an unknown male's voicemail.

3. A check of the subscriber information on ⬛⬛⬛ reveals the telephone to be a T-Mobile pre-paid cellular telephone in the name of Reshauwn PETERS, DOB ⬛⬛ 1983, ⬛⬛⬛, Petersburg, Virginia, 25089, account number 32791486, established 9/1/2006. A check of this name and identifiers through the Pennsylvania Criminal Intelligence Center, Faces of Nations, Virginia DMV, and criminal history data bases yielded negative results for this individual and the above address is not listed for this or any other individual in Petersburg, Virginia.

4. Later on December 20, 2006, DOE again contacted CS-1 via telephone and stated that he would like a silencer for a Colt Model 1991A1, .45 caliber pistol. DOE stated he would like the silencer by the first week of January 2007 and that he would pay CS-1 in excess of $1,200.00 United States Currency (U.S.C.) for the silencer. CS-1 asked DOE what his name was; DOE replied that he was "Bob."

5. On December 21, 2007, CS-1, in the presence of PSP Trooper and ATF Task Force Officer John Cargan, placed a monitored telephone call to the aforementioned telephone number and again spoke to DOE. CS-1 instructed DOE to ship the firearm to an address and in care of a name that, unbeknownst to DOE, is used by PSP officers in an undercover capacity. CS-1 stated to DOE that what they were doing could get them into trouble with law enforcement, to which DOE stated, "Yeah, I know." CS-1 then faxed instructions and a shipping address to ⬛⬛⬛ the telephone number supplied by DOE. Later on December 21, 2007, CS-1 again contacted DOE via ⬛⬛⬛ and confirmed that he had

received the fax with instructions and the address where he was to ship the Colt Model 1991A1 pistol. No subscriber information is known about fax telephone number

6. On January 8, 2007, PSP Trooper Cargan was advised by PSP Trooper Perloff that a brown cardboard box with a return address in the name of Bob WILL, . Baltimore, Maryland 21212, was delivered to the undercover address. Among the multiple items found in the package was a white box containing a Colt Model 1991A1, Series 80, .45 caliber pistol, Serial Number 2776420 and an empty ammunition magazine. Both items were wrapped in bubble wrap. The firearm had been shipped via United States Postal Service (USPS) priority mail, with a confirmation number 0306-0320-0005-1057-0408.

7. A subsequent check of the return address on the above package revealed that the address is an apartment complex in Baltimore, Maryland, but that apartment number 60 is an invalid address within that complex.

8. On January 8, 2007, an urgent trace was requested by Trooper Cargan on the aforementioned firearm. The request was received by the ATF National Tracing Center and Trooper Cargan was advised the firearm was purchased on November 16, 1998 by Howard Lee Hadel, Jr., Catonsville, Maryland.

9. On January 11, 2007, CS-1 informed DOE that he
would need to drive to Pennsylvania to pick up firearm with silencer due to the fact that CS-1 knows it is illegal to ship firearms through the mail, to which DOE replied "sure."

10. On January 3, 2007, SA Frye contacted Ronald Davis, Equipment Specialist of ATF Firearms Technology Branch, regarding the use of a prop firearm (an inoperable firearm) with a silencer attached, similar to the Colt Model 1991A1, Series 80, .45 caliber pistol for which DOE had requested a silencer in the previous telephone conversations. SA Frye was informed by Mr. Davis that a similar firearm was available for use by ATF and that he could build a silencer, without a serial number, to fit the firearm in question. On January 16, 2007, SA Frye received the firearm, a Colt Combat Commander Model, Serial Number 70BS78270, along with the silencer attached from the Firearms Technology Branch. This silencer did not have a serial number.

11. On January 18, 2007, CS-1 spoke to DOE regarding the sale of the silencer. CS-1 and DOE agreed to meet on Saturday, January 20, 2007 at a rest stop off of Interstate 95, just north of the state line between Delaware and Pennsylvania. DOE agreed to pay CS-1 in excess of $1,200.00 U.S. currency to pay for the silencer on the date in question.

12. Later on the evening of January 18, 2007, DOE contacted CS-1 and advised that he could not make the scheduled meeting on January 20, 2007.

13. On February 7, 2007, PSP Trooper Cargan, acting in an undercover capacity, spoke with DOE via cellular telephone number            and arranged to meet on February 12, 2007 at 8:00 p.m. at the parking lot of the Howard Johnson's on Route 896 in Newark, Delaware. The purpose of the

meeting was to exchange the silencer for U.S. currency. Trooper Cargan told DOE that the price for the silencer would be $1,500.

14. On February 12, 2007, at approximately 6:00 p.m., PSP Trooper Cargan spoke to DOE via cellular telephone number            . DOE told Trooper Cargan that he was still available to meet at 8:00 p.m. at the previously discussed location and that he was driving up from Baltimore. DOE told Trooper Cargan he would be driving a silver ISUZU Rodeo.

15. On February 12, 2007, DOE arrived in the parking lot of the Howard Johnson's on Route 896 in a silver ISUZU Rodeo. Trooper Cargan called            to tell DOE that he had just driven past Trooper Cargan's car. Several minutes later, DOE, subsequently identified as defendant EARL N. WALLACE, pulled up next to Trooper Cargan's car in the silver ISUZU Rodeo. Trooper Cargan asked WALLACE if he was "Bob," the name given by DOE in a prior call. WALLACE replied that he was, and WALLACE got into Trooper Cargan's car. WALLACE asked if Trooper Cargan had the silencer. Trooper Cargan showed the silencer to WALLACE and explained how it operated. WALLACE held the silencer while Cargan retrieved the barrel of the gun from his jacket during the demonstration of how the silencer operated. WALLACE asked where his gun was; Trooper Cargan told him that the gun was in the trunk. Trooper Cargan asked WALLACE for the money due for the silencer, and WALLACE told him he would give him the money when he saw the gun. Cargan then got out of the car (ostensibly to get the gun), and members of ATF Group 7 Philadelphia affected WALLACE's arrest.

16. Upon WALLACE's arrest, law enforcement found on his person a Resident Alien Card # _____ in the name of Earl N. Wallace, DOB _____ '1966, and a Maryland Driver's License # _____ in the name of Earl Norman Wallace, DOB _____ '1966. Law enforcement officers also found $1,500 in U.S. currency on WALLACE's person in two bundles -- a $1,000 bundle and a $500 bundle. An additional $93.00 was found in the car. WALLACE also had a full set of identification (Maryland Driver's license, social security card, credit cards, etc.) for Janice BUTTERFIELD of Sykesville, Maryland.

17. WALLACE was transported to Troop 2. In a post-*Miranda* statement, WALLACE admitted that he had been arrested in 2001 in Baltimore for having a handgun in the car. WALLACE further explained that he purchased the gun for which he sought the silencer from Howard Lee Hadel, Jr. in 2003 for $300 U.S. currency.

18. Based on the facts and circumstances set forth in this affidavit, I have probable cause to believe that EARL N. WALLACE knowingly possessed a firearm, that is, a silencer, which was not identified by a serial number, in violation of Title 26, United States Code, Section 5861(i).

_____
Eric R. Frye
Special Agent, ATF

Sworn and subscribed
before me this _13_ day
of February 2007

_____
The Honorable Mary Pat Thynge
United States Magistrate Judge