

U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*  (302) 573-6277
*1007 N. Orange Street, Suite 700*  FAX (302) 573-6220
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

May 23, 2007

**VIA CM/ECF**

The Honorable Sue L. Robinson
Chief Judge
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    RE:    <u>**United States v. Earl N. Wallace - 07-26-SLR**</u>

Dear Chief Judge Robinson:

    As discussed during yesterday's scheduling teleconference, the parties have been able to achieve a pre-trial resolution of this matter. In anticipation of the Rule 11 hearing before the Court, scheduled for June 25, 2007 at 5:00 p.m., enclosed please find the proposed Memorandum of Plea Agreement between the government and the defendant, Mr. Earl N. Wallace.

    Pursuant to this agreement, Mr. Wallace will plead guilty to Count One of the Indictment against him in the above-captioned case. Count One charges him with possession of a firearm, that is, a silencer, without a serial number in violation of Section 5861(i) of Title 26 of the United States Code. The maximum sentence for this offense is a term of imprisonment of ten (10) years, a fine of $10,000, or both, three years of supervised release, and a $100 special assessment.

    Please contact me should your Honor have any questions.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                    BY: _____
                                     Shannon Thee Hanson
                                      Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esq.
        Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07–26-SLR |
| | ) | |
| EARL N. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Shannon T. Hanson, Assistant United States Attorney, and Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Earl N. Wallace, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with possession of a firearm, that is, a silencer, without a serial number in violation of Section 5861(i) of Title 26 of the United States Code.

2. The maximum sentence for this offense is a term of imprisonment of ten (10) years, a fine of $10,000, or both, three years of supervised release, and a $100 special assessment.

3. The defendant understands that if there were a trial, the Government would have to prove, with respect to the charge in the Indictment, Possession of a Firearm Not Identified by a Serial Number, that: (1) the defendant knowingly possessed a firearm, that is, a silencer; and (2) there was no serial number on the silencer. The defendant admits that on or about February 12, 2007, in the District of Delaware, he knowingly possessed a silencer without a serial number.

4. The defendant agrees to forfeit all interest in the firearms involved in the violation alleged in Count One of the Indictment, to wit, a silencer and the firearm for which it was fitted, a Colt Model 1991A1, Series 80, .45 caliber pistol, serial number 2776420. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a three-point reduction in the Offense Level for the defendant's affirmative acceptance of

2

responsibility. The United States makes this recommendation because the defendant timely has notified authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant understands that the Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant further understands that at this time (i.e., prior to the preparation of the Pre-Sentence Report) the government will recommend that the Court impose a sentence consistent with the applicable sentencing range set forth by the Sentencing Guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which is within, or which exceeds or falls below the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

7. The defendant agrees to pay the $100 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of

defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to pursue claims that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void

and have no effect whatsoever.

                                  COLM F. CONNOLLY
                                  United States Attorney

_____       BY:   _____
Eleni Kousoulis                                Shannon T. Hanson
Attorney for Defendant                  Assistant United States Attorney


_____
Earl N. Wallace
Defendant

Dated:

      **AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                    _____
                                    Honorable Sue L. Robinson
                                    Chief Judge
                                    United States District Court