IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-26-SLR |
| EARL WALLACE, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE**

The defendant, Earl Wallace, through undersigned counsel, Eleni Kousoulis hereby moves this Honorable Court, pursuant to Fed. R. Crim. P. 12 (b) and FRE 401, 402 and 403, for an Order prohibiting the government from introducing evidence of Mr. Wallace's prior conviction.

As grounds for this motion, the defense submits as follows:

Mr. Wallace is charged with Knowingly Receiving and Possessing a Firearm Not Identified with a Serial Number, in violation of Title 26, U.S.C. § 5861(I). Trial in this matter is currently scheduled to begin on November 19, 2007.

The defense contends that all references to Mr. Wallace's prior conviction in Baltimore, Maryland, for possession of a handgun in a vehicle should be excluded from trial.[1] It has been recognized that:

> [a] defendant's interest in avoiding the introduction of prior crimes evidence is clear and compelling. "The exclusion of other crimes evidence is not simply a 'technicality'

---

[1] Mr. Wallace is specifically challenging reference to the conviction for possession of a handgun in a vehicle in this motion, but reserves the right to argue the inadmissibility of any other conviction(s) the government intends to introduce at trial. As of the filing of this motion, defense counsel is unaware of any other convictions for Mr. Wallace.

>designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of out system of criminal justice, the presumption of innocence."

United States v. Dockery, 955 F.2d 50, 53 (D.C. Cir. 1992) (quoting United States v. Daniels, 770 F.2d 1111, 1118) ( D.C. Cir. 1985)). In the instant case, the jury is likely to be negatively affected and unduly prejudiced by learning that Mr. Wallace has a prior conviction involving a firearm. To avoid that undue prejudice, any reference to Mr. Wallace's prior conviction should be excluded from trial in this matter. Any probative value of Mr. Wallace's prior conviction is substantially outweighed by the danger of unfair prejudice, given that both his prior conviction and his present offense involve firearms. See Federal Rule of Evidence 403.

The defense further requests that Mr. Wallace's prior conviction for possession of a handgun in a vehicle also not be admitted for purposes of impeachment. Federal Rule of Evidence 609 provides that "evidence that an accused has been convicted of ... a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused." Federal Rule of Evidence 609 (a)(1). In addition to the standard set forth in Federal Rule Evidence 609, the Supreme Court has established four guidelines to determine the admissibility of prior bad act evidence: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992). Due to the interrelation of these issues, they will be discussed together.

Admission of evidence of a prior conviction should not be allowed where the prejudicial value outweighs the probative value and where the sole purpose for the introduction of the evidence is for impeachment. Gordon v. United States, 383 F.2d 936 (D.C.Cir. 1967). The fear is that juries may convict, not for the crime charged, but because they believe the accused is a "bad" person:

> The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. ... That juries treat prior convictions as highly probative has been confirmed by empirical investigations... Such reliance by the trier of fact offends the 'long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice"'...

United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985)(citations omitted).

In the present case, should Mr. Wallace testify, the prejudicial effect of his prior conviction will prevent the jury from fairly considering Mr. Wallace's testimony because they will assume his prior conviction for a firearms offense means he is also guilty of the present offense. The fact that both offenses involve firearms makes it highly prejudicial evidence. Furthermore, the nature of Mr. Wallace's prior conviction bears no relationship to his propensity for truthfulness at trial. The probative value in admitting the evidence of the prior conviction for purposes of impeachment is strongly outweighed by the unduly prejudicial nature of the offense in undermining Mr. Wallace's right to a fair determination of his credibility and innocence because of the highly inflammatory effect the prior offense will have on the jury. United States v. Old Chief, 519 U.S. 172 (1997)(holding in the context of a felon in possession count that "[a] district court abuses its discretion under Rule 403 if it ... admits the full record ... when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove

the element of the prior conviction"); <u>United States v. Cook</u>, 538 F.2d 1000, 1004 (3d Cir. 1976).

**WHEREFORE**, for the foregoing reasons, the defense respectfully requests that the Court issue an Order prohibiting the government from introducing evidence of Mr. Wallace's prior firearms conviction for impeachment or for any other purpose.

                                                Respectfully submitted,

                                                /s/
                                        Eleni Kousoulis, Esquire
                                        Assistant Federal Public Defender
                                        704 King Street, Suite 110
                                        Wilmington, Delaware 19801
                                        (302) 573-6010
                                        ecf_de@msn.com
                                        Attorney for Defendant Earl Wallace

Dated: October 30, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-26-SLR |
| EARL WALLACE | : | |
| Defendant. | : | |

## **ORDER**

Having considered Defendant's Motion in Limine,

**IT IS HEREBY ORDERED** this _____ day of _____, 2007, that all references to Mr. Wallace's prior conviction for possession of a handgun in a vehicle, for purposes of impeachment or otherwise, are hereby excluded from being introduced at trial in this matter.

 

**Honorable Sue L. Robinson**
United States District Court