IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-26-SLR |
| ) | |
| EARL N. WALLACE, ) | |
|     Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

NOW COMES the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and responds to Defendant's Motion in Limine (D.I. 24) as follows:

1. The defendant seeks to exclude "all references" to the defendant's May 9, 2001 misdemeanor conviction from Maryland for possession of a handgun in a vehicle as improper impeachment evidence under Federal Rule of Evidence (FRE) 609, and as unduly prejudicial under Rule 403. (D.I. 24 at 1-2). The government does not contest the defendant's Rule 609 argument, as it does not intend to introduce evidence of the conviction in question under the scope of FRE 609. However, it asserts that the defendant's attempt to prohibit the government from introducing the conviction "for any other purpose" is overly broad. (D.I. at 4). Indeed, evidence of the conviction in question may become admissible under several rules of evidence should the defendant put this conduct at issue.

2. For example, a prior conviction would be admissible under Rules 402 and 403 in order to "contradict specific testimony" by the defendant, "as long as the evidence is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice." United States v. Norton, 26 F.3d 240, 243-44 (1st Cir. 1994) (holding inter alia that impeachment by contradiction is governed by Rules 402 and 403 and not 609). In Norton, the government sought to introduce

evidence of a prior firearm conviction in order to contradict the defendant's testimony that he never "possessed a gun." Id. at 243-44. The First Circuit affirmed the district court's admission of the conviction since it was "highly relevant to contradict [the defendant's] specific misleading assertion," and was not unduly prejudicial since the defendant himself had introduced the issue into the trial. Id. at 244-45; see also United States v. Lopez, 979 F.2d 1024, 1034 (5th Cir. 1992) (affirming admission of prior conviction for marijuana possession to contradict defendant's testimony that he did not recognize marijuana).

3. By way of further example, the defendant could put his conviction at issue by having witnesses testify as to his reputation in the community for certain qualities, such as being a law-abiding citizen. If this were to occur, the Court may certainly permit the government to cross-examine those witnesses with regard to the conviction in question according to Rules 404(a)(1) and 405(a). E.g., United States v. Lundy, 416 F. Supp. 2d 325, 336 (E.D. Pa. 2005) (concluding that when the defendant chooses the "perilous path" of soliciting opinion or reputation testimony by character witnesses on his behalf "he opens the door for the prosecution to . . . challenge the defendant's character witnesses by cross-examining them about their knowledge of relevant specific instances of the defendant's conduct.") (quoting United States v. Monteleone, 77 F.3d 1086, 1089 (8th Cir. 1996)); FRE 404(a)(1); FRE 405(a).

4. The government stipulates that it will not seek to introduce the defendant's conviction under Rule 609; further, at this stage of the proceedings, it does not intend to introduce evidence of the conviction in question pursuant to another rule of evidence. However, the government cannot predict whether or not the defendant will "open the door" to this issue at trial. Accordingly, the government respectfully asserts that the defendant's motion should be granted as to Rule 609 only, and otherwise revisited at trial, subject to what evidence, if any, is elicited by the defendant.

**WHEREFORE**, for the foregoing reasons, the government respectfully requests that the Court grant the defendant's motion with regard to Federal Rule of Evidence 609 only, and deny the remainder of his motion without prejudice, subject to reconsideration at trial.

                                   COLM F. CONNOLLY
                                   United States Attorney

                          BY: /s/ Shawn A. Weede
                                Shawn A. Weede
                                Shannon T. Hanson
                                Assistant United States Attorneys

Dated: November 6, 2007