# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Criminal Action No. 07-26-SLR** |
| | ) | |
| EARL N. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT REQUEST FOR JURY INSTRUCTIONS

The parties, through undersigned counsel hereby move the Court to consider the following jury instructions. The parties also reserve the right to request a modification of the instructions herein provided or to request any other such additional instructions suggested by the evidence.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:    /s/ Shawn A. Weede
Shawn A. Weede
Shannon Thee Hanson
Assistant United States Attorneys
1007 N. Orange Street, Suite 700
Wilmington, Delaware 19899
(302) 573-6277 x128

Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE 19801
Attorney for Earl N. Wallace

Dated: November 6, 2007

## TABLE OF CONTENTS

**PAGE**

ROLE OF JURY ............................................................. 1

EVIDENCE ................................................................. 2

DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................... 5

CREDIBILITY OF WITNESSES .............................................. 7

NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED ........................... 9

AUDIO RECORDINGS – CONSENSUAL ....................................... 10

AUDIO RECORDINGS – TRANSCRIPTS ...................................... 11

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT ....... 12

NATURE OF THE INDICTMENT ............................................. 14

ON OR ABOUT ........................................................... 15

OPINION EVIDENCE (EXPERT WITNESS) .................................... 16

TESTIMONY OF LAW ENFORCEMENT OFFICERS ............................... 17
**(GOVERNMENT PARTIALLY OPPOSES)**

DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE ............... 18

DEFENDANT'S TESTIMONY ................................................ 19

NATURE OF THE CHARGES: INTRODUCTION ................................. 20

POSSESSION OF A SILENCER WITHOUT A SERIAL NUMBER ................... 21
**(GOVERNMENT'S REQUEST, DEFENDANT OPPOSES)**

POSSESSION OF A SILENCER WITHOUT A SERIAL NUMBER ................... 22
**(DEFENDANT'S REQUEST, GOVERNMENT OPPOSES)**

FIREARM SILENCER DEFINED ............................................. 23

KNOWINGLY ............................................................. 24

ACTUAL POSSESSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

DELIBERATIONS AND VERDICT: INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

PROPOSED VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

## ROLE OF JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.01.

1

**EVIDENCE**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

(4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

2

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do

3

not assume from anything I may have done or said during the trial that I have any opinion about any of

the issues in this case or about what your verdict should be.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.02.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence have been used in this trial, "direct evidence" and "circumstantial evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

5

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.03.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

7

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.04.

8

## NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

[*In this case, the defendant presented evidence and produced witnesses*.]  The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.05.

9

## AUDIO RECORDINGS – CONSENSUAL

During the trial you heard audio recordings of conversations the government alleges were between the defendant and another party, and made without the defendant's knowledge. These recordings were made with the consent and agreement of either Ron Cannon or Trooper John Cargan, parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.04 (modified).

## AUDIO RECORDINGS – TRANSCRIPTS

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.06.

11

## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with him unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.06.

## NATURE OF THE INDICTMENT

As you know, the defendant is charged in the indictment with violating federal law, specifically with receipt or possession of a firearm, that is a silencer, which is not identified by a serial number as required by law. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.07.

## ON OR ABOUT

You will note that the Count in the Indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.08.

## OPINION EVIDENCE (EXPERT WITNESS)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Michael Curtis as an expert in firearm identification, operation, and design. Because of his knowledge, skill, experience, training, or education in the field of firearms and firearms technology, Mr. Curtis was permitted to offer opinions in that field and the reasons for those opinions.

The opinions this witness states should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that Mr. Curtis's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.08.

## TESTIMONY OF LAW ENFORCEMENT OFFICERS

You have heard the testimony of law enforcement officers, including ATF agents and Wilmington police officers. The fact that a witness may be employed as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration, or greater or lesser weight than that of any other witness.

DEFENDANT'S REQUEST (GOVERNMENT OPPOSES)

**At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.**

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and whether to give that testimony how much weight, if any, you find it deserves.

1 L. Sand, et al., *Modern Federal Jury Instructions,* § 7-16 (adapted); Draft Model Criminal Jury Instructions, 3d Circuit, § 4.18 (adapted).

17

### DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE

The defendant, Earl Wallace, did not testify and did not present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.27.

### DEFENDANT'S TESTIMONY

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.28.

19

## NATURE OF THE CHARGES

### INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the Government has proved the particular crime charged was committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

GOVERNMENT'S REQUEST (DEFENDANT OPPOSES):

## RECEIPT OR POSSESSION OF A FIREARM WITHOUT A SERIAL NUMBER

The indictment charges Earl N. Wallace with receipt or possession of a firearm, namely a silencer, that did not have a serial number, a violation of federal law. In order to find the defendant guilty of the offense charged, you must find that the government proved each of the following four elements of that offense beyond a reasonable doubt:

**FIRST:** That the defendant knowingly received or possessed a firearm;

**SECOND:** That this firearm was a silencer;

**THIRD:** That the defendant knew the characteristics of the firearm, that is, that it was a silencer;

**FOURTH:** That there was no serial number on the firearm.

The government is not required to prove that the defendant knew that the firearm did not have a serial number.

26 U.S.C. § 5861(I); Draft Model Criminal Jury Instructions, 3d Circuit, § 6.26.5861 (modified to account for § 5861(I) instead of § 5861(d)); United States v. Carter, 465 F.3d 658, 666-67 (6th Cir. 2006) (holding that the government is not required to prove that a silencer is operable due to the definition of firearm silencer in 18 U.S.C. § 921(a)(24)); United States v. Ruiz, 253 F.3d 634, 639 (11th Cir. 2001) (holding and collecting cases that the government does not need to prove that the defendant knew that a firearm did not have a serial number under § 5861(I)).

21

DEFENDANT'S REQUEST (GOVERNMENT OPPOSES)

**RECEIPT OR POSSESSION OF A FIREARM WITHOUT A SERIAL NUMBER**

The indictment charges Earl N. Wallace with receipt or possession of a firearm, namely a silencer, that did not have a serial number, a violation of federal law.  In order to find the defendant guilty of the offense charged, you must find that the government proved each of the following four elements of that offense beyond a reasonable doubt:

**FIRST:**     That the defendant knowingly received or possessed a firearm;

**SECOND:**     That this firearm was a silencer;

**THIRD:**     That the defendant knew the characteristics of the firearm, that is, that it was a silencer, and that it had no serial number.

**FOURTH:**     That there was no serial number on the firearm.

United States v. Staples, 511 U.S. 600 (1994); United States v. Webb, 975 F. Supp. 1280 (D. Kan. 1997) (holding that government was required to prove that the defendant knew the firearms he possessed be identified by serial numbers); United States v. Haywood, 363 F.3d 200 (3d Cir. 2004) (holding that district court's failure to instruct jury that knowledge of obliterated serial number was element of crime of possession of firearm with obliterated serial number was plain error).

22

## FIREARM SILENCER DEFINED

A "firearm silencer" means any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer, and any part intended only for use in such assembly or fabrication.

18 U.S.C. § 921(a)(24).

23

## KNOWINGLY

The offense of possessing a firearm, that is a silencer, without a required serial number requires that the government demonstrate that the defendant acted "knowingly" with respect to certain elements of the offense. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

The government is not required to prove that the defendant knew his acts were against the law.

Draft Model Criminal Jury Instructions, 3d Circuit, §5.02.

## ACTUAL POSSESSION

Next, I want to explain something about possession. To establish actual possession, the government must prove that the defendant had direct, physical control over the silencer, and knew that he had control of it. Possession may be momentary or fleeting. Proof of ownership of the silencer is not required.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the silencer, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

Pattern Criminal Jury Instructions, 6th Circuit, §2.10A (2005); Draft Model Criminal Jury Instructions, 3d Circuit, § 18.922G-4 (included for language that possession may be "momentary or fleeting" and that proof of ownership is not required) (citing United States v. Mercado, 412 F.3d 243, 251 (1st Cir. 2005) (holding that possession of a firearm may be "momentary or fleeting")).

## DELIBERATIONS AND VERDICT

### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, §8.01 (2005).

26

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt as to the crime charged.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt as to the crime charged.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the Count in the indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the indictment.

Pattern Criminal Jury Instructions, 6th Circuit, §8.03 (2005).

27

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt with respect to the Count in the indictment.

Pattern Criminal Jury Instructions, 6th Circuit, §8.04 (2005).

28

## PUNISHMENT

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.05 (2005).

29

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, §8.06 (2005).

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.09 (2005).

31

**PROPOSED VERDICT FORM**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No.  07-26-SLR |
| | ) | |
| EARL N. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT FORM

As to Count 1, charging the Defendant with receipt or possession of a firearm, that is a silencer, which is not identified by a serial number, we the jury find the Defendant:

_____ Not Guilty                    _____ Guilty.


_____        _____
Jury Foreman                          Juror


_____        _____
Juror                                 Juror


_____        _____
Juror                                 Juror

32

_____          _____
Juror                              Juror


_____          _____
Juror                              Juror


_____          _____
Juror                              Juror


Dated: _____    _____, 2007

33

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


BY: /s/ Shawn A. Weede
　　　Shawn A. Weede
　　　Shannon Thee Hanson
　　　Assistant United States Attorneys
　　　1007 N. Orange Street, Suite 700
　　　Wilmington, Delaware 19899
　　　(302) 573-6277 x128

　　　Eleni Kousoulis, Esquire
　　　Assistant Federal Public Defender
　　　704 King Street, Suite 110
　　　Wilmington, DE 19801
　　　Attorney for Earl N. Wallace

Dated: November 6, 2007

34

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No.  07-26-SLR |
| | ) | |
| EARL N. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Shawn A. Weede, Assistant United States Attorney for the District of Delaware, hereby

attest under penalty of perjury that on the 6th day of November, 2007, I electronically filed a JOINT

REQUEST FOR JURY INSTRUCTIONS with the Clerk of Court using CM/ECF and by sending a

WordPerfect copy of this document by CD to the Court.  Said document is available for viewing and

downloading from CM/ECF, which will send notification of such filing to the following:


Eleni Kousoulis, Esq.
Federal Public Defender's Office
First Federal Plaza, Suite 110
704 King Street
Wilmington, Delaware 19801


                                 /s/ Shawn A. Weede
                                 Shawn A. Weede
                                 Assistant United States Attorney