

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

November 7, 2007

The Honorable Sue L. Robinson
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **Jury Instructions for United States v. Earl N. Wallace**
              **Criminal Action No. 07-26-SLR**

Dear Judge Robinson:

      Yesterday the parties submitted their Joint Request for Jury Instructions (D.I. 26). The instructions were largely agreed to, with one main exception – the elements required for the only offense charged, Possession of a Firearm Without a Serial Number, in violation of 26 U.S.C. § 5861(i). The government asserts that it is not required to prove that the defendant knew that the firearm in question, a silencer, did not have a serial number. (D.I. 26 at p. 21). The defendant disagrees, maintaining that such proof is required. (D.I. 26 at p. 22). Since the government believes that the resolution of this issue is potentially case dispositive, it submits this letter brief to the Court prior to the Pretrial Conference in this matter.

      As far as the government is aware, every Court of Appeals to address this issue has concluded that the government is **not** required to prove knowledge of a firearm's lack of serial number under 26 U.S.C. § 5861(i). See United States v. Michel, 446 F.3d 1122, 1131 (10th Cir. 2006) ("Although the government was required to prove [the defendant] knew the gun was a sawed-off shotgun, it was not required to further prove he knew it was supposed to be registered *or that it lacked a serial number*.") (emphasis added); United States v. Ruiz, 253 F.3d 634, 637-39 (11th Cir. 2001) ("The government does not need to prove that a defendant knew that the 'firearm' in question under 5861(i) did not have a serial number."); United States v. Turnbough, 1997 Nos. 96-2531 & 96-2766, 1997 WL 264475, at *3 (7th Cir. May 14, 1997) ("Finally, because § 5861 is a regulatory measure, the government need not prove that [the defendant] knew that the handgun lacked a serial number."); United States v. Smith, No. 96-10044, 1997 WL 222328, at *1 (9th Cir. April 30, 1997) ("Specific knowledge that the gun lacked a serial number is not an element of the offense, therefore defendant's contention and motion on that issue is meritless."). The rationale for these decisions is better

1

understood after a brief description of the statute in question, the National Firearms Act ("NFA" or the "Act"), as well as a discussion of two Supreme Court cases interpreting a separate but related section of the NFA.

### Freed, Staples and Section 5861(d)

The NFA has a number of provisions relating to the regulation of statutorily defined "firearms." The word "firearm" is a term of art in the Act; as such, not all weapons conventionally thought of as firearms are included in the scope of the NFA. Rather, examples of "firearms" included in the Act are machine guns, sawed-off shotguns, hand grenades, and silencers. 26 U.S.C. § 5845(a)-(f). Section 5861 of the NFA criminalizes certain "prohibited acts" with regard to these "firearms." Included in this section is the operative provision in this case, Section 5861(i), which makes it "unlawful" to "receive or possess a firearm which is not identified by serial number as required by this chapter." 26 U.S.C. § 5861(i). Another "prohibited act" under this section is articulated at Section 5861(d), which makes it unlawful for an individual to "receive or possess a firearm which is not registered to him." 26 U.S.C. § 5861(d). While there are no Supreme Court cases interpreting the scienter requirements for the specific section at issue in this matter -- Section 5861(i) -- there are two principal cases in which the Court has interpreted its companion provision, Section 5861(d).

In United States v. Freed, the defendants were indicted with possessing hand grenades that were not registered to them, in violation of Section 5861(d). 401 U.S. 601, 601 (1971). The district court dismissed the charges against the defendants because, inter alia, the indictment failed to allege scienter as to the fact that the hand grenades were not registered. Id. at 601, 605. In concluding that the district court "erred in dismissing the indictment for absence of an allegation of scienter," the Court looked to the plain language of the statute in question, and concluded that it required "no specific intent or knowledge that the hand grenades were unregistered" in order for there to be a violation of Section 5861(d). Freed, 401 U.S. at 607. Further, the Supreme Court refused to read a knowledge requirement into the Act since the NFA is a "regulatory measure in the interest of public safety, which may well be premised on the theory that one would hardly be surprised to learn that possession of hand grenades is not an innocent act." Id. at 609. Indeed, the Court reasoned that hand grenades – "highly dangerous weapons" -- were similar to narcotics, in that they were objects that, in and of themselves, should put a defendant on notice that his conduct was subject to criminal regulation. Id. at 609 (citing and quoting United States v. Balint, 258 U.S. 250, 254 (1922) ("[The Narcotic Act of 1914's] manifest purpose is to require every person dealing in drugs to ascertain at his peril whether that which he sells comes within the inhibition of the statute, and if he sells the inhibited drug in ignorance of its character, to penalize him.")).

Over two decades later, the Supreme Court revisited the issue of what type of scienter was necessary for a conviction under Section 5861(d). In Staples v. United States, the defendant admitted to knowingly possessing an AR-15 rifle. 511 U.S. 600, 603 (1994). An AR-15, as manufactured, is a semi-automatic rifle that, while a firearm in the conventional sense of the word, was not a statutory "firearm" under the NFA. Id. at 603. The firearm in question, however, had been modified to be "fully automatic," making it a "firearm" and subject to regulation under the Act. Id. The defendant professed ignorance as to the "fully automatic" capabilities of the rifle in

question, and as such, asserted that he should not be held accountable for failing to register the weapon. Id. at 603-04.[1] The Supreme Court granted certiorari to address the *mens rea* element, and concluded that to obtain a conviction under Section 5861(d), "the Government should have been required to prove that petitioner knew of the features of his AR-15 that brought it within the scope of the Act" – specifically, the characteristics of the weapon that made it a "firearm" as defined under the NFA. Id. at 604, 609, 619; see also Rogers v. United States, 522 U.S. 252, 254-55 (1997) (plurality opinion) ("Under our decision in Staples . . . the *mens rea* element of a violation of § 5861(d) requires the Government to prove that the defendant knew that the item he possessed had the characteristics that brought it within the statutory definition of a firearm."). In so ruling, however, the Court did not disturb its primary holding in Freed, namely, that "§ 5861(d) does not require proof of knowledge that a firearm is *unregistered*." Id. at 609 (emphasis in original).

### Courts Apply the Principles of Freed and Staples to Section 5861(i)

To summarize, in light of Freed and Staples, Section 5861(d) requires that the government establish that the defendant had knowledge of the characteristics which made the weapon in question a "firearm" under the Act; the government does not need to prove that the defendant knew the firearm was unregistered. See, e.g., Draft Model Criminal Jury Instructions, 3d Circuit, § 6.26.586 Comment, available at http://www.ca3.uscourts.gov/criminaljury/Chap6%20Unregistered%20Firearm%20FINAL.pdf ("[T]he court's instructions adequately communicated to the jury that it could not convict unless it found that the defendant knew that the item he possessed was a silencer. The Government does not need to prove that the defendant knew the firearm was unregistered."). Since Sections 5861(d) and 5861(i) are structurally similar (and part of the same statute), a violation of 5861(i) is governed by similar knowledge requirements.

In United States v. Ruiz, the Eleventh Circuit addressed the exact issue before the Court – namely, "must the government prove that Defendant knew that the firearm in question did not have a serial number?" Ruiz, 253 F.3d at 637. Answering this question in the negative, the Court performed an analysis of Freed and Staples and concluded the following:

> Here we decide that the mens rea requirements are the same for the two sections of the statute [Sections 5861(d) and 5861(i)]. The structure of the sections is very similar. The term 'firearm' is used the same way in §§ 5861(d) and (i). Also, the definition of 'firearm' in § 5845(a) applies to both sections. Therefore the features that bring a firearm under the Act in § 5861(d), are the same features that bring a firearm under the Act in § 5861(i). So, that the object is a silencer brings it within the scope of the Act. [citation omitted] Under *Staples*, the defendant need only be aware of the features that bring the weapon within the scope of the Act: the fact that it is a silencer.

---

[1] This presented a different situation from that in Freed, since the defendants in Freed knew they possessed hand grenades; accordingly, "[t]he question presented by a defendant who possesses a weapon that is a 'firearm' for purposes of the Act, but who knows only that he has a 'firearm' in the general sense of the term, was not raised or considered." Id. at 609.

3

> In this case, the trial court instructed the jury that to find Defendant guilty they must conclude that he knew he had a silencer. That instruction is correct because the fact that the weapon is a silencer brings it within the scope of the Act.

Id. at 638; see also Michel, 446 F.3d at 1130 ("Thus, as Supreme Court and circuit case law indicates, while the government was not required to establish that [the defendant] knew the gun was unregistered or lacked a serial number, the government *was* required to prove beyond a reasonable doubt that Mr. Michel knew the firearm in his possession had a barrel shorter than eighteen inches."); Turnbough, 1997 WL 264475 at *3 (citing Freed for the conclusion that "because § 5861 is a regulatory measure, the government need not prove that [the defendant] knew that the handgun lacked a serial number") (citations omitted); Smith, 1997 WL 222328, at *1 (citing Staples for the conclusion that "[s]pecific knowledge that the gun lacked a serial number is not an element of the offense, therefore defendant's contention and motion on that issue is meritless. The mens rea requirement under the National Firearms Act is met if the defendant knew he was in possession of a machine gun.").

### The Cases Cited by the Defendant

The three cases cited by the defendant do not compel a different conclusion than that reached by the Courts of Appeal in the Seventh, Ninth, Tenth and Eleventh Circuits.

In support of his jury instruction, the defendant first cites to Staples, one of the Supreme Court cases discussed above. (D.I. 26 at p. 22). It is unclear why the defendant relies on this case for his proffered jury instruction; the *mens rea* requirement discussed in Staples is already included in the Government's proposed instruction for 5861(i). (D.I. 26 at p. 21) (listing as the third element "[t]hat the defendant knew the characteristics of the firearm, that is, that it was a silencer"). Further, insofar as the defendant suggests that Staples requires the government to prove that the defendant had knowledge that the silencer in question lacked a serial number, the government can find no such principle of law in the Staples opinion. Indeed, the Court in Staples expressly concluded that "different elements of the same offense can require different mental states" – referring to the contrast between (1) requiring knowledge as to whether the weapon in question has the characteristics that make it a "firearm" under the NFA, the holding in Staples, and (2) that a "defendant need not know that his weapon is unregistered" under 5861(d), the holding in Freed. See Staples, 511 U.S. at 609. As discussed above, the serial number requirement of 5861(i) is similar in structure and function to the registration requirement of 5861(d); accordingly, the government cannot divine how Staples supports the defendant's proffered jury instruction as to 5861(i).

The defendant also cites to United States v. Webb, 975 F. Supp. 1280 (D. Kan. 1997) as holding that the government is required to prove knowledge of a lack of a serial number under Section 5861(i). (D.I. 26 at p.22). This particular opinion does not appear to stand for that proposition; rather, the court held in light of Staples that the government was required to show that the defendant "knew that the devices" in question (home made silencers) had the "characteristics which brought them within the statutory definition of a silencer, i.e., that the devices were 'for silencing, muffling, or diminishing' a gun's report." See Webb, 975 F. Supp. at 1282. In a separate opinion, however, the same court (in the same case), in reciting the elements for a violation of

4

Section 5861(i) stated that the government must prove that "the defendant knew that the firearm was not identified by a serial number." United States v. Webb, No. 92-40056-01-DE, 1997 WL 871355, at *3 (D. Kan. March 31, 1998). The court, however, cited no authority or rationale for this rule of law. Id. Therefore, it has little, if any, persuasive authority. Further, it has no precedential weight – even in its own circuit – since the Tenth Circuit has subsequently ruled to the contrary. See Michel, 446 F.3d at 1130 (concluding that the government need not prove knowledge as to the lack of a serial number under 5861(i)).

The last case the defendant cites is United States v. Haywood, 363 F.3d 200 (3d Cir. 2004). In Haywood, the Third Circuit held that, in order to convict an individual for possessing a firearm with an obliterated serial number pursuant to 18 U.S.C. § 922(k), the government must establish that the defendant had "knowledge that the serial number on the firearm had been obliterated." Id. at 206. In short, this case is distinguishable because it concerns a different statute, which according to its plain language, has a different scienter requirement. Section 922(k) makes it a crime for anyone to "knowingly" receive any firearm which has had the serial number obliterated. 18 U.S.C. § 922(k). Further, if the language of Section 922(k) leaves any doubt, its penalty provision – Section 924(a)(1)(B) – makes it clear that penalties only attach for a violation of 922(k) if the putative defendant "knowingly violates" that provision. 18 U.S.C. § 924(a)(1)(B). Accordingly, it is plain that 18 U.S.C. § 922(k), by its structure and language, is altogether different than that of 26 U.S.C. § 5861(i), a statute that has no explicit scienter requirement. As such, it has a distinct line of interpretive case law. See Haywood, 363 F.3d at 206 (citing cases interpreting Section 922(k)). Accordingly, Haywood is simply inapposite to the present case.

For the foregoing reasons, the government respectfully requests that the Court use its proffered jury instruction for the elements required under 26 U.S.C. § 5861(i).

> Respectfully submitted,
>
> COLM F. CONNOLLY
> United States Attorney
>
> BY:   /s/ Shawn A. Weede
>       Shawn A. Weede
>       Shannon T. Hanson
>       Assistant United States Attorneys

cc:    Eleni Kousoulis, Esq. (via fax and ECF)