# FEDERAL PUBLIC DEFENDER
# DISTRICT OF DELAWARE

704 King Street, Suite 110
Wilmington, Delaware 19801
Phone (302) 573-6010
FAX (302) 573-6041
www.fpdde.org

**Edson A. Bostic**
Federal Public Defender

**Eleni Kousoulis**
**Luis A. Ortiz**
**Keir Bradford**
Assistant Federal Public Defenders

**Tieffa Harper**
Research & Writing Specialist

November 8, 2007

The Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 King Street, Fourth Floor
Wilmington, DE   19801

      **Re:**   *United States v. Earl Wallace*
             **Criminal Action No. 07-26-SLR**
             **Our File No. 2007-00123**

Dear Honorable Judge Robinson:

      The defense submits the following letter in response to the letter submitted by the government on November 7, 2007, with regard to the Jury Instructions submitted by the parties in this case. As stated by the government, the parties are in dispute as to elements required to sustain a conviction for Possession of a Firearm Without a Serial Number, in violation of 26 U.S.C. § 5861(i). The defense asserts that the government should be required to prove that the defendant knew that the firearm he is charged with possessing, did not have a serial number.

      While several Circuit Courts have addressed the issue regarding the knowledge requirements for a violation of 26 U.S.C. § 5861(i), neither the U.S. Supreme Court nor the Third Circuit have ruled specifically on the scienter requirements for 26 U.S.C. § 5861(i). While the defense recognizes that other Circuit Courts, as outlined by the government in their letter, have concluded that the government is not required to prove that a defendant knew that a firearm did not have a serial number, the conventional *mens rea* element of criminal statutes requires that the defendant know the facts that make his conduct illegal. United States v. Staples, 511 U.S. 600, 605 (1994). The purpose of the *mens rea* requirement, as recognized by the Court in Staples, is "to shield people against

punishment for apparently innocent activity." Id. at 622. Furthermore, the unique facts of the present case makes Mr. Wallace's case distinguishable from the cases involving the present issue cited in the government's letter.

In certain states, including Maryland where Mr. Wallace resides, silencers are legal for private ownership. In the present case, what makes Mr. Wallace's conduct illegal was not necessarily the mere possession of the silencer, but that the silencer he is charged with possessing did not have a serial number. However, Mr. Wallace never attempted to acquire a silencer without a serial number. Mr. Wallace contacted a gunsmith and inquired how he could go about purchasing a silencer. Mr. Wallace never requested that the silencer not have a serial number, and he had no reason to believe that the silencer he was to receive would not have a serial number. Federal agents, after being contacted by the gunsmith that Mr. Wallace had called, manufactured a silencer without a serial number to sell to Mr. Wallace. In essence, the government created the crime for which Mr. Wallace stands charged. Mr. Wallace was arrested within minutes of being given the silencer in question.

To dispense with the *mens rea* requirement given the circumstances of the present case would violate due process. In Lambert v. People of the State of California, 355 U.S. 225 (1957), the defendant was convicted of violating the Los Angeles felon registration ordinance. The Supreme Court reversed the defendant's conviction, finding that "the registration provisions violated due process when applied to a person who had no actual knowledge of her duty to register." Id. at 225. In Lambert, the defendant, on first becoming aware of her duty to register, was never given the opportunity to comply with the law and avoid its penalty. Id. at 229. The Supreme Court, in overturing her conviction, reasoned that "in the absence of an opportunity either to avoid the consequences of the law or to defend any prosecution brought under it," a person may not be convicted consistent with due process. Id. Similarly in the present case, there is evidence that Mr. Wallace had no knowledge that the silencer would not have a serial number, and he was not in possession of the silencer long enough to come to this realization. Given these facts, due process requires that the government prove to the jury the defendant's knowledge of the silencer's lack of a serial number.

While the Supreme Court has never spoken directly on the issue presented by the parties in the present case, the government cites to two Supreme Court cases interpreting 26 U.S.C. 5861(d), United States v. Freed, 401 U.S. 601 (1971), and Staples v. United States, 511 U.S. 600 (1994), in support of its position that the government need not prove that the defendant knew the silencer in the present case did not have a serial number. With regard to Freed, the present case is distinguishable. In Freed, the defendant was charged with possessing a hand grenade. As stated by the Court in Freed, hand grenades are "highly dangerous weapons", and "one would hardly be surprised to learn that possession of hand grenades is not an innocent act." Id. at 609. However, the act of possessing a silencer can be entirely innocent. The Supreme Court left open the question in Freed as to whether "a criminal conspiracy to do an act 'innocent in itself' and not known by the alleged conspirators to

2

be prohibited must be actuated by some corrupt motive other than the intention to do the act which is prohibited and which is the object of the conspiracy." Id. At 609, FN 14.

In United States v. Haywood, 363 F.3d 200 (3d. Cir. 2004), the Third Circuit held that a conviction for possession of a firearm with an obliterated serial number "requires not only knowing possession of the firearm, but also knowledge that the serial number on the firearm had been obliterated." Id. at 206. The government could have just as easily charged Mr. Wallace pursuant to 18 U.S.C. § 922(k), where the government agrees it would have to prove knowledge of the lack of a serial number, instead of pursuant to 26 U.S.C. § 5861(i). In charging Mr. Wallace the way it has, the government has circumvented the knowledge requirement. The penalties for a violation of 18 U.S.C. § 922(k) – 10 years in jail – is the same as for a violation of 26 U.S.C. § 5861(i), and it seems fundamentally unfair to subject Mr. Wallace to the severe penalties he is facing without a knowledge requirement as to all essential elements of the crime for which he stands charged.

For all of the above stated reasons, and any other which this Court may find, Mr. Wallace respectfully requests the Court use the jury instruction proffered by the defense, and instruct the jury that the government must prove that the defendant knew that the firearm did not have a serial number.

Respectfully submitted,

/s/
Eleni Kousoulis
Assistant Federal Public Defender
Attorney for Defendant Earl Wallace

cc:   Shawn Weede, Assistant United States Attorney
      Shannon T. Hanson, Assistant United States Attorney